I agree with the majority that Gulf Guaranty Life Insurance company was obligated under the terms of its policy to pay the total face amount of $26,190.00. Summary judgment on the issue of liability, therefore, was appropriate since there were no disputed facts. Furthermore, the arguments presented by Gulf Guaranty were, as the majority states, "specious." The contract clearly stated that this was a level policy. The terms and conditions of its benefits provision stated, "Benefit — if this certificate provides level life insurance, the benefit is level for the term of coverage and is equal to the amount of insurance showing in the schedule."
For Gulf Guaranty now to say that this was coverage for three different levels, one for each of the three terms of coverage specified in the certificate, is truly specious. Just as we allow for the granting of partial summary judgment on the issue of liability when compensatory damages are at issue, so partial summary judgment also may be granted on the issue of liability for punitive damages. In this case, where the facts are not disputed and the Duetts are entitled to judgment as a matter of law, summary judgment on the issue of liability for punitive damages, likewise, was appropriate. It remains for the jury, however, to determine only the amount of the award necessary to punish the insurer and deter it from further unfair practices, to serve as an example to others and to compensate the Duetts for their public service in bringing the action. Valley ForgeInsurance Co. v. Strickland, 620 So.2d 535, 541 (Miss. 1993),cert. denied, ___ U.S. ___, 114 S.Ct. 635, 126 L.Ed.2d 593 (1993).
The insured contracted for a level policy, by definition, one which would cover the full amount of the loan for its duration. If the insured died, the total amount initially loaned to him would be paid. Gulf Guaranty had no arguable reason to deny that. It wrote this policy, which is a contract of adhesion. The insurer's refusal to pay the full policy benefits amounts to post claims underwriting, an act of bad faith which warrants imposition of punitive damages, the amount of which is within the province of the jury to determine.